J. E. LUMMUS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31350. Promulgated October 24, 1930.

*H. L. Rabbitt, Esq.*, and *R. M. O'Hara, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

Van Fossan: The problem confronting us as to the fair market value of petitioner's premises in Miami, Fla., as of March 1, 1913, is solely a question of fact. We have found as a fact that the fair market value of the premises in question as of March 1, 1913, was $72,000, and we are of the opinion that this finding is justified by the evidence.

The evidence discloses that in the years immediately prior to and after 1913, as well as in that year, the northerly line of the premises in question which were located on Avenue C, now Southeast First Avenue, Miami, Fla., was only half a block distant from that portion of Flagler Street which was the most important business center of Miami; that shops and offices were already located in the block of Avenue C in which petitioner's property was situated and that this block which was south of Flagler or Twelfth Street, together with a block immediately to the north of Flagler or Twelfth Street, was next in importance to Flagler Street with respect to the use of land situated thereon for business purposes, and that the demand for property on this part of Avenue C exceeded the supply for the reason that owners were unwilling to sell except at their own valuations.

The evidence further shows that petitioner's premises were situated at what the witnesses termed a "strategic" corner, because Avenue C was the way of entrance to Fort Dallas Park and Thirteenth Street, now Southeast First Street, which was on the southerly side of petitioner's premises, led to the Royal Palm Hotel, which was the principal hotel of the city. It appeared further that tourists, on whom the retail business of Miami was largely de-

pendent for support, passed the corner of Avenue C and Thirteenth Street, now Southeast First Street, on their way to the shops.

While in 1913 there were no sales of property in the business section of Flagler Street, lying immediately in the neighborhood of Avenue C, we think that from the facts relating to the 99-year lease referred to in the findings of fact, together with the opinion expressed by a competent witness with respect to the sale value of the premises leased at the date of such lease, we may fairly infer that prior to March 1, 1913, the fair market value of the land at the southeast corner of Avenue C and Twelfth or Flagler Street was $125,000. This land had a frontage of 50 feet on Twelfth or Flagler Street and a frontage of about 120 feet on Avenue C, or Southeast First Avenue. Both fronts were used for business purposes. The premises leased were immediately north of petitioner's property and contiguous to it and the leased premises, together with petitioner's property occupied the whole block fronting on the easterly side of Avenue C, now Southeast First Avenue, between Twelfth or Flagler Street and Thirteenth Street, now Southeast First Street.

It appears, too, that in 1914 and 1916 practically the same general conditions affected the value of the real property in the two blocks on Avenue C before referred to as affected it in 1913, and that there was no considerable increase in such values in 1914, 1915, and 1916. On the contrary, the evidence discloses a depression in real estate value in this section during the latter three years. We are, therefore, of the opinion that the prices received for the two parcels of land sold respectively in August, 1914, and March, 1910, as stated in the findings of fact, are competent and material evidence as to the fair market value in 1913 of the land in the two blocks on Avenue C hereinbefore referred to. Each of the parcels sold was five feet less in depth than petitioner's land; both had much less frontage on Avenue C than the frontage of petitioner's premises, and only one of the parcels sold was a corner, the other being a so-called inside lot. The corner lot which was sold in August, 1914, was sold at approximately $800 a front foot on Avenue C and the inside lot sold in March, 1916, was sold for $600 a front foot on Avenue C. Moreover, qualified witnesses, who had long been residents of Miami and who were familiar with real estate values in the part of Miami in which petitioner's premises were situated, testified as to their opinion of the value of petitioner's premises as of March 1, 1913. These opinions of value varied from $500 to $700 per front foot measured on Avenue C, now Southeast First Avenue.

84

The respondent produced evidence of a few sales of land at a front foot price much less than $500. These sales were made at about the date in question. But in our opinion the sales were of property not so situated as to be affected by the same conditions as those affecting petitioner's land. They, therefore, do not form a proper basis of comparison by which to determine the value of the premises in question as of March 1, 1913.

For the reasons stated we hold that the fair market value of the petitioner's premises at the northeast corner of Avenue C, now Southeast First Avenue, and Thirteenth Street, or Southeast First Street, as of March 1, 1913, was $600 a front foot measured on Avenue C or Southeast First Avenue, amounting to the total sum of $72,000.

*Decision will be entered under Rule 50.*